IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KURT KEIDEL,**

    **Plaintiff,**

    v.                                      **Case No. 2:04-CV-270**
                                                            **JUDGE WATSON**
                                                            **MAGISTRATE JUDGE KING**

**KIRK LI,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's *Application for and Renewal of Judgment*, Doc. No. 75, and of Plaintiff's *Motion to Enforce Consent Judgment*, Doc. No. 76. For the reasons that follow, it is recommended that the motions be denied.

### I.

Plaintiff Kurt Keidel ["Plaintiff"] commenced this action in 2004 seeking recovery of his investment in an allegedly fraudulent investment scheme orchestrated by Defendant Kirk Li. The parties entered into settlement agreement on November 3, 2005. *See* Exhibit B attached to *Motion to Enforce Consent Judgment*, Doc. No. 76. On November 21, 2005, the Court entered a *Consent Judgment* "in favor of plaintiff and against defendant Kirk Li, in the amount of $310,000, plus interest at a rate of 10% per annum." *Consent Judgment*, Doc. No. 70. The *Consent Judgment* also states:

> The parties further agree and it is hereby ordered that this Judgment is subject to that certain settlement agreement and release entered into by and between plaintiff Keidel and the Li Defendants ("the Settlement Agreement"), and Plaintiff Keidel shall take no action in enforcement or execution of this Judgment unless and until defendants are in default of their obligations under such Settlement Agreement.

*Id.* There was no suggestion that the Court retained jurisdiction over the execution of the parties' agreement.

On May 23, 2007, the Court entered a *Modified Consent Judgment*, Doc. No. 73, pursuant to which Defendant Li was to pay Plaintiff $160,000 plus interest at a rate of 10% per annum. The modification replaced the earlier *Consent Judgment*, Doc. No. 70, and also provides that the judgment "is subject to a certain settlement agreement and release entered into by and between Plaintiff Keidel and the Li Defendants" and Plaintiff "shall take no action in enforcement or execution of this Judgment unless and until the Li Defendants are in default of their obligations under [the] Settlement Agreement." *Modified Consent Judgment*, Doc. No. 73. Again, the Court did not retain jurisdiction over the execution of the parties' agreement.

On October 5, 2010, Plaintiff – now proceeding without the assistance of counsel – filed an *Application for and Renewal of Judgment*, Doc. No. 75, calculating the total judgment as $310,000 minus $180,000 in credits but adding $51,482 in interest, for a total of $181,482.00. On October 8, 2010, Plaintiff also filed a *Motion to Enforce Consent Judgment,* Doc. No. 76.

**II.**

In his *Motion to Enforce Consent Judgment*, Plaintiff states that Defendant Kirk Li has failed to make the scheduled payments required by the terms of the *Modified Consent Judgment*.[1] Plaintiff asks that the Court order this Defendant to pay $186,000 (the amount allegedly past due as of October 1, 2010) within twenty days or find Defendant Kirk Li in contempt and order his arrest. *Motion to Enforce Consent Judgment*, Doc. No. 76, at 3.

In response, Defendant Kirk Li concedes that he is in breach of the terms of the parties'

---

[1]Defendant Li apparently offered to pay Plaintiff $100,000 in full satisfaction of the judgment in 2009, but Plaintiff apparently refused this offer. *See* Exhibit D attached to *Motion to Enforce Consent Judgment*, Doc. No. 76.

*Modified Consent Judgment. Memorandum contra*, Doc. No. 78, at 2. Defendant Li argues, however, that the proper remedy is for execution of the judgment pursuant to Fed. R. Civ. P. 69, rather than for enforcement of the judgment as requested by Plaintiff. *Id.* at 3-4.

Where, as here, the Court did not retain jurisdiction to enforce the precise terms of a judgment, the Court lacks jurisdiction to enforce that judgment as a collateral matter in the original action. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). Plaintiff's motion to enforce the judgment rendered in this action is therefore without merit.[2]

### III.

Plaintiff has also moved for renewal of the judgment entered by this Court. *Application for and Renewal of Judgment*, Doc. No. 75. This filing consists of a form apparently intended for use in the courts of the State of California. In Ohio, a judgment becomes dormant if not executed upon or certified as a lien within five (5) years. O.R.C. §2329.07. A dormant judgment may be revived through an action or proceeding instituted within ten (10) years after the time that the judgment became dormant. O.R.C. § 2325.18. *See Bartol v. Eckert*, 50 Ohio St 31, 45 (1893). In this case, the *Modified Consent Judgment*, Doc. No. 73, was entered on May 23, 2007, *i.e.*, less than five (5)

---

[2]As Defendant Li points out, however, one remedy available to Plaintiff may be found under Fed. R. Civ. P. 69, which governs proceedings in aid of execution of judgments. That rule provides in relevant part as follows:
    **(a) In General.**
        **(1)** *Money Judgment; Applicable Procedure*. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
Fed. R. Civ. P. 69(a)(1). The rule thus makes clear that proceedings in aid of execution of a federal money judgment incorporate the procedures of the forum state – in this case, Ohio.
    Ohio law has formulated procedures to be followed in aid of execution of certified judgments, including judgments issued by federal courts. *See* O.R.C. § 2329.02. A debtor's lands, tenements, goods and chattels located in Ohio and not exempt by law may be taken in execution of a judgment. O.R.C. § 2329.01. However, a writ of execution must comply with the procedures established by Ohio law and a judgment creditor must at a minimum identify the property located within Ohio and against which the judgment is to be executed. *See generally* O.R.C. §§ 2329.09 *et seq.*

years ago. That judgment is therefore not yet dormant under Ohio law.[3] Under these circumstances, Plaintiff's *Application for and Renewal of Judgment,* Doc. No. 75, is without merit.

**IV.**

It is therefore **RECOMMENDED** that Plaintiff's *Application for and Renewal of Judgment*, Doc. No. 75, and Plaintiff's *Motion to Enforce Judgment*, Doc. No. 76, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

April 27, 2011

---

[3]The Court is not familiar with, and therefore expresses no opinion on, the requirements of California law as it relates to dormant judgments or proceedings in aid of execution on judgments.